UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CHARLINE COLLINS,

                     Plaintiff,            **MEMORANDUM AND ORDER**
                                                     16-CV-3366 (RRM) (LB)
   -against-

COLGATE PALMOLIVE; and FRANK NIGLIA,

                     Defendants.
----------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

       Plaintiff Charline Collins brings this *pro se* action and asserts federal claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (the "ADEA"). She also asserts unspecified state-law claims. Collins's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 is granted. For the reasons stated below, Collins's claims against defendant Frank Niglia are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B). With respect to defendant Colgate Palmolive ("Colgate"), Collins is granted leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order.

## BACKGROUND[1]

       Collins utilizes an employment discrimination form supplied by the Court in order to submit her complaint. She alleges claims of race, sex, religious, and age discrimination. Although unclear, it appears that Collins was employed by Colgate for seven years, and her employment was terminated on May 19, 2016. (Compl. (Doc. No. 1) at ¶ V.) Collins's complaint alleges no facts in support of her claim of discrimination. Collins annexes her rebuttal

---

[1] The following facts are drawn exclusively from the complaint, and are assumed to be true for purposes of this Memorandum and Order.

to Colgate's position statement that she submitted to the Equal Employment Opportunity Commission ("EEOC"). The rebuttal likewise fails to allege sufficient facts in support of her claim of discrimination. (*See id.* at 8–12.)[2] The rebuttal lists the following as Colgate's reasons for not promoting her: (1) her attitude, (2) her "[u]n-professional communications with [her] manager and [c]o-workers," and (3) her "[p]oor quality of written communications." (Compl. at 9.) Collins maintains that those enumerated reasons are discriminatory. (*See id.* at 9–12.)

On May 11, 2016, the EEOC issued Collins a Dismissal and Notice of Rights, stating "[b]ased upon its investigation, the EEOC is unable to conclude that the information obtained established violations of the statutes." (*See id.* at 14.) Collins seeks reinstatement to her job and retroactive salary in the amount of $26,500. (*Id.* at 6.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

The Court must be mindful that a *pro se* plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)); *see also Harris*

---

[2] All citations to pages of the complaint refer to the Electronic Case Filing System ("ECF") pagination.

2

*v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the court "remain[s] obligated to construe a *pro se* complaint liberally").

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), *aff'd*, 133 S. Ct. 1659 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–78 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citations omitted).

The plausibility standard does not impose an across-the-board, heightened fact-pleading standard. *Boykin v. KeyCorp*, 521 F.3d 202, 213 (2d Cir. 2008). The plausibility standard does not "require[] a complaint to include specific evidence [or] factual allegations in addition to those required by Rule 8." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010). However, the plausibility standard does impose some burden to make factual allegations supporting a claim for relief. As the *Iqbal* court explained, the plausibility standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

### DISCUSSION

**I. Sufficiency of the Pleading**

**a. Rule 8**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *See id.* A pleading that only "tenders naked assertions devoid of further

factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). A plaintiff must provide facts sufficient to allow each defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly v. Bell*, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as "'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.'") (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Here, as previously noted, Collins's complaint is devoid of any facts in support of her discrimination claim. Moreover, even taking judicial notice of the rebuttal that Collins annexed to her complaint, the basis for Collins's discrimination claim remains unclear.

### b. Title VII and the ADEA

More specifically, Collins's complaint fails to allege facts sufficient to state a cause of action for employment discrimination under Title VII and the ADEA. Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). A plaintiff asserting a Title VII discrimination claim must allege facts showing that "(1) the employer took adverse action against him and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Sch. Dist.*, 801 F.3d 72, 86–87 (2d Cir. 2015). Step two can be shown "by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.*; *Jones v. Target*

4

*Corp.*, No. 15-CV-4672 (MKB), 2016 WL 50779, at *2 (E.D.N.Y. Jan. 4, 2016). Here, the factual basis of Collins's Title VII complaint is unclear. Collins states that Colgate has "discriminated against [her] over the course of years [sic] while working," (Compl. at 8); however, she fails to plead any facts in support of her claim that defendant discriminated against her because of her race, color, religion, sex, or national origin. While her EEOC rebuttal lists such complaints as "her attitude," poor writing, and unprofessional conduct as the proffered reasons for her termination, Collins does not allege any facts to tie these concerns to a discriminatory animus, nor does she allege facts sufficient to suggest that they are a pretext for discrimination. (*See id.* at 9.)

Moreover, the ADEA establishes that it is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges or employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In order to establish a prima facie case of age discrimination in violation of the ADEA, a plaintiff must show: (1) that she was within the protected age group (more than forty years old); (2) that she was qualified for the position; (3) that she experienced adverse employment action; and (4) that such action occurred under circumstances giving rise to an inference of discrimination. *See Gorzynski v. Jet Blue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010) (citing *Carlton v. Mystic Transp. Inc.*, 202 F.3d 129, 134 (2d Cir. 2000)).

In support of her ADEA age discrimination claim, Collins simply checks the box on the employment discrimination form which indicates that defendant discriminated against her based on her age, and she supplies her date of birth. At a minimum, an ADEA claimant must inform the Court and the defendant why she believes age discrimination existed. *See Dugan v. Martin Marietta Aerospace*, 760 F.2d 397, 399 (2d Cir. 1985) ("While a claim made under the ADEA

need not contain every supporting detail, it must at least inform the court and the defendant generally of the reasons the plaintiff believes age discrimination has been practiced."); *Gallop-Laverpool v. 1199 SEIU United Healthcare Workers E.*, No. 14-CV-2879 (JG), 2014 WL 3897588, at *2 (E.D.N.Y. Aug. 8, 2014). Here, Collins simply asserts, without further elaboration, that she is more than forty years of age.

Although at the pleading stage a plaintiff is not required to establish discrimination, she must plausibly allege a claim upon which relief can be granted. *Vega*, 801 F.3d at 86–87. Even under the most liberal construction of Collins's allegations, she provides no facts that could possibly connect any adverse employment action to a protected status. *See Littlejohn v. City of New York*, 795 F.3d 297, 310 (2d Cir. 2015) (finding an employment discrimination complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face); *Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) (noting that "[u]nder *Iqbal*, factual allegations must be sufficient to support necessary legal conclusions," and must "plausibly suggest an entitlement to relief").

### c. Claims Against Frank Niglia

Collins names as a defendant Frank Niglia, a manager employed at Colgate. However, there is no individual liability under the ADEA or Title VII. *See Cherry v. Toussaint*, 50 Fed. App'x. 476, 477 (2d Cir. 2002) (finding the ADEA precludes individual liability); *McMahon v. Napolitano*, No. 13-CV-1404 (KAM), 2013 WL 1410382, at *1 (E.D.N.Y. Apr. 8, 2013) (noting that neither Title VII nor the ADEA provides for individual liability). Therefore, Collins's claims against Niglia are dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

Collins's claims against Niglia are dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). In light of Collins's *pro se* status, Collins is granted thirty (30) days leave from the date of this Memorandum and Order to file an amended complaint as to defendant Colgate. Should Collins have a basis for a claim of employment discrimination, she should provide facts in support of such claim. Collins is directed that her amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, and it must "plead enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *Littlejohn,* 795 F.3d at 310. If available, Collins should include a copy of the charge of discrimination that she filed with the EEOC. The amended complaint must be captioned "Amended Complaint" and bear the same docket number as assigned to this Order. No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days or until further order of the Court.

Failure to timely comply with this Order will result in dismissal of this action without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order and a form complaint for employment discrimination to plaintiff Charline Collins, *pro se,* and note the mailing on the docket.

SO ORDERED.

                               s/Roslynn R. Mauskopf
                               _____
                               ROSLYNN R. MAUSKOPF
                               United States District Judge

Dated: Brooklyn, New York
        March 8, 2017