UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
CHARLINE COLLINS,

               Plaintiff,

       -against-

COLGATE PALMOLIVE, *et al.*,

               Defendants.
---------------------------------------------------------x

**MEMORANDUM AND ORDER**
16-CV-3366 (RRM) (SJB)

ROSLYNN R. MAUSKOPF, United States District Judge.

       In June 2016, plaintiff Charline Collins commenced this *pro se* action against her former employer, Colgate Palmolive, and her former supervisor, Frank Niglia, asserting employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621 *et seq.*, as well as violations of unspecified federal and state laws. In a memorandum and order dated March 8, 2017, (the "Prior Order"), the Court granted Collins' request to proceed *in forma pauperis*, dismissed her claims against Niglia, and granted Collins' 30 days' leave to amend her complaint. Although Collins eventually filed an amended complaint, that pleading fails to cure the defects identified in the Prior Order. Accordingly, this action is dismissed with prejudice.

I.     Background

       Although this memorandum and order assumes familiarity with the Prior Order, the Court will briefly summarize the salient portions. In June 2016, Collins commenced this action by filing a form complaint. Collins checked boxes to indicate that she was alleging claims under Title VII, the ADEA, and unspecified federal and state laws. (Compl. (Doc. No. 1) at 3.) However, the complaint did not allege any facts in support of these claims. While it did attach a copy of a five-page letter addressed to the Equal Employment Opportunity Commission

("EEOC"), which purports to be a "rebuttal" of a letter sent to the EEOC by Colgate Palmolive's legal department, that letter did not allege facts in support of her employment discrimination claim. To the contrary, the letter suggested that Colgate Palmolive had offered several non-discriminatory reasons for terminating her, including "her attitude," poor writing, and unprofessional conduct.

In its Prior Order, the Court explained the defects in the complaint. With respect to the Title VII claim, the Court pointed out that Collins had failed "to plead any facts in support of her claim that defendant discriminated against her because of her race, color, religion, sex, or national origin." (Prior Order (Doc. No. 4) at 5). It further noted that the complaint did not allege any facts to tie Colgate Palmolive's stated reasons for terminating Collins "to a discriminatory animus," or "allege facts sufficient to suggest that they were a pretext for discrimination." (*Id.*) Similarly, with respect to the ADEA claim, the Court advised Collins that "an ADEA claimant must inform the Court and the defendant why she believes age discrimination existed." (*Id.*) After noting that Collins had provided "no facts that could possibly connect any adverse employment action to a protected status," (*id.* at 6), the Court granted Collins leave to amend her pleading within 30 days of the date of the Prior Order.

II.   The Amended Complaint

In mid-August 2017 – more than six months from the date of the prior order – Collins filed her amended complaint. Unlike the original complaint, the amended complaint contains approximately a page of factual allegations. In addition, the amended complaint attaches, among other things, an eight-page letter addressed to the New York State Division of Human Rights, which describes Collins' history at Colgate Palmolive in more detail. However, neither the amended complaint nor the attached letter alleges facts that suggest employment discrimination.

2

Unlike the original complaint, the amended complaint alleges violations of not just Title VII and the ADEA, but of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12112, *et seq*. With respect to Title VII, Collins has checked boxes to indicate that she is alleging discrimination on account of race, gender, religion, or national origin. However, the pleading does not even allege Collins' race, religion, or national origin, much less allege facts suggesting that Colgate Palmolive discriminated against her on account of one these three protected characteristics. To be sure, the amended complaint does contain one allegation that might relate to a gender discrimination claim: an assertion that, during a conversation regarding her career, Niglia stated that she should be a model instead and offered to help with her resume. Yet, Collins does not allege that she suffered any adverse employment action as a result of disregarding this advice or that Niglia, who obviously considered her attractive, made any inappropriate advances or suggestions. Rather, other comments during this same conversation indicate that Niglia was simply encouraging Collins to seek other employment.

With respect to the ADEA, the amended complaint alleges that Collins was born in 1958, making her well over 40 years old throughout her nine years at Colgate Palmolive. Yet, the pleading does not allege any facts to suggest age discrimination. The complaint also does not allege that Collins had a disability as defined by the ADA, or that Colgate Palmolive perceived her as having a disability. Rather, it alleges only that on some unspecified occasions she "took ill and was not allow[ed] time off to seek professional help." (Am. Compl. at ¶ III.D.)

While the facts alleged in the amended complaint fail to suggest any sort of employment discrimination claim, facts alleged in the eight-page letter attached thereto make it clear that Collins' termination resulted from personal animus between Collins and her immediate supervisor, Jackie Pabon. Collins had unsuccessfully applied for Pabon's position and feared

3

that Pabon, knowing this, would want to eliminate any possible competition. (Doc. No. 7 at 39.)[1] Pabon initially complemented Collins and solicited her opinions but the relationship deteriorated after Collins, unable to reach Pabon, contacted Niglia instead and exposed Pabon's absence. (*Id.* at 38.) Collins also complained to Human Resources about Pabon's unprofessional behavior and ineffective management style. (*Id.* at 39.)

As a result of the antipathy between the two women, Pabon refused to respond to Collins' electronic communications, giving rise to a dispute which required Niglia's intervention. (*Id.* at 38.) Collins implies that Niglia also attempted to "resolve" other disputes, but that Pabon – whom Collins describes as the "biggest contriving person" she had encountered in her professional life, with "the nastiest attitude, (*id.* at 38) – "would not put the difference aside." (*Id.* at 39.) Eventually, Niglia "began to side" with Pabon and to write Collins up. (*Id.* at 39.) In addition, Hispanic security guards who liked Pabon, but not Collins, scrutinized Collins' every action and falsely accused her of being late. (*Id.* at 40.) Finally, Collins was terminated after a 2016 incident in which Pabon blamed Collins when a "large group check in" did not go smoothly. (*Id.*)

III. Discussion

Because the amended complaint fails to allege facts suggesting that Collins was terminated or subjected to any other adverse employment action on account of her membership in any protected class, the amended complaint is dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court is aware that *pro se* litigants must be given "at least one opportunity to amend 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Williams v. Bronx Cty. Child Support Customer Serv. Unit*, 741 F.

---

[1] Although the eight-page letter is paginated, the Court cites to the page numbers assigned by the Court's ECF system.

App'x 854, 856 (2d Cir. 2018) (summary order) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). However, a court is "under no obligation to [grant leave to amend] ... if it determines the amendments would be futile." *Id.* Since it is clear from the amended complaint that Collins cannot allege actionable employment discrimination, this action is dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, Collins' amended complaint is dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Because allegations in the amended complaint and the attachments thereto make it clear that further amendment would be futile, Collins is not granted leave to amend her pleading for a second time. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis status* is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment against Collins and in favor of defendant Colgate Palmolive, to mail a copy of that judgment and this memorandum and order to Collins, to note that mailing on the docket sheet, and to close this case.

SO ORDERED

Dated: Brooklyn, New York
       Nov 18, 2019

s/Roslynn R. Mauskopf

---
ROSLYNN R. MAUSKOPF
United States District Judge